IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN V. NORRIS | ) |
| Plaintiff, | ) No. 15 C 7306 |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| OFFICER BARTUNEK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this lawsuit, Plaintiff John V. Norris ("Norris") asserts claims for unlawful seizure, false imprisonment, and malicious prosecution against Defendant Brett Bartunek ("Bartunek") With a trial date of November 1, 2017 on the horizon, each party has filed two motions *in limine*. Defendant's Motions *in Limine* ("Defendant's Motions *in Limine*"), [ECF No. 112]; Plaintiff John Norris's Motion *in Limine* No. 1 to Bar Evidence regarding His Prior Arrests and Felony Convictions ("Plaintiff's Motion *in Limine* No. 1"), [ECF No. 113]; Plaintiff John Norris's Motion *in Limine* No. 2 to Bar Evidence regarding His Other Lawsuits ("Plaintiff's Motion *in Limine* No. 2"), [ECF No. 114]. For the reasons stated below, Plaintiff's motions *in limine* are granted in part [ECF Nos. 113, 114] and remain under advisement in part [ECF No. 113], and Defendant's motions *in limine* [ECF No. 112] are granted in part and denied without prejudice in part.

### I. BACKGROUND

The facts underlying this case, which are described in the Court's summary judgment ruling, are straightforward. *See Norris v. Bartunek*, 2017 WL 390274 (N.D. Ill. Jan. 27, 2017). One evening, in April 2015, Norris was driving a car on a road with a posted speed limit of 45

miles per hour. Bartunek, a Will County Deputy Sheriff on routine patrol, claims he saw Norris speed by him at 55 miles per hour. Norris says he was not driving that fast and, instead, stayed at or below the speed limit. The parties agree that Bartunek pulled Norris over and, during a stop that lasted about 10 minutes, gave Norris a ticket for going 55 miles an hour in a 45-zone.

The month after the stop, Norris went to traffic court and entered a plea of not guilty. A bench trial was set for June. On the designated day, Norris appeared, but Bartunek, who was the complaining witness, did not. According to Bartunek, he did not know that a trial date had been set. The state court dismissed the speeding charge against Norris. The traffic stop and the significance of the dismissal of the speeding charge are at issue in this case.

## II. LEGAL STANDARD

The district court has the inherent authority to manage the course of a trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine*, which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.*, and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues," *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi*, 808 F.3d 1113, 1121 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the court can change its ruling at trial, "even if nothing unexpected happens." *Luce*, 469 U.S. at 41. Rulings *in limine* are speculative in effect; essentially, they are advisory opinions. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

The court will grant a motion *in limine* to bar evidence only where that evidence is clearly inadmissible for any purpose. *Taylor v. Union Pac. R. Co.*, 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010). This is a high standard. *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007). The moving party bears the burden of establishing clear inadmissibility. *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). If the moving party cannot satisfy his burden, the evidentiary ruling should be deferred until trial. *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747501, at *1 (S.D. Ill. Mar. 2, 2010). That is because, at trial, the court will have the benefit of understanding "the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011).

### III. DISCUSSION

As noted above, there are four motions *in limine* now before the Court. The Court will address Norris's motions first and then turn to Bartunek's motions.

**1. Plaintiff's Motion *in Limine* No. 1**

In his first motion *in limine*, Norris seeks to bar evidence of his prior convictions and arrests. Plaintiff's Motion *in Limine* No. 1, [ECF No. 113]. Bartunek argues evidence of Norris's four felony convictions for retail theft, all of which occurred within the past ten years, is

3

admissible under Federal Rule of Evidence 609. Defendant's Response to Plaintiff's Motions *in Limine* ("Defendant's Response"), [ECF No. 117], at 1. Norris disagrees, asserting admission of his prior convictions would be highly prejudicial and have little or no probative value.

Under Rule 609(a)(1)(A), a felony conviction is admissible to attack a witness's character for truthfulness subject to Rule 403. FED. R. EVID. 609(a)(1)(A). Rule 403 permits courts to exclude evidence when the risk of unfair prejudice substantially outweighs the probative value. FED. R. EVID. 403. In criminal cases, courts consider five factors when determining the probative value and prejudicial effect of a conviction: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis." *Tatum v. Clarke*, 2015 WL 6392609, at *2 (E.D. Wis. Oct. 22, 2015); *see also Patterson v. City of Chicago*, 2017 WL 770991, at *8 (N.D. Ill. Feb. 28, 2017); *Smith v. Nurse*, 2016 WL 4539698, at *3 (N.D. Ill. Aug. 31, 2016).

"Allowing a prior conviction to be used to impeach a witness's testimony is controversial." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). This practice "is in tension with the most elementary conception of the rule of law—what Aristotle called 'corrective justice,' which means judging the case rather than the parties." *Id.* Courts must "proceed carefully when deciding to admit evidence of a § 1983 plaintiff's criminal past." *Barber v. City of Chicago*, 725 F.3d 702, 715 (7th Cir. 2013). Courts have a "duty to ensure that . . . civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them." *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990). Courts must be vigilant because

4

"civil rights actions which serve an essential deterrent function in hopes of protecting citizens' vital rights often pit unsympathetic plaintiffs—criminals, or members of the criminal class—against the guardians of the community's safety." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) (quoting *Geitz*, 893 F.2d at 151) (internal quotation marks omitted).

Rule 609 incorporates a presumption that "criminals are more likely to testify untruthfully." *Id.* at 1330. But there is no "absolute rule" that acts of theft "are automatically admissible." *Case v. Town of Cicero*, 2013 WL 5645780, at *2 (N.D. Ill. Oct. 16, 2013). Rule 609(a) does not require the admission of convictions that have "little, if anything, to do with credibility." *Coles v. City of Chicago*, 2005 WL 1785326, at *2 (N.D. Ill. July 22, 2005). Retail theft is not inherently a crime of dishonesty. *Fermazin v. Menard, Inc.*, 2017 WL 1227937, at *4 (N.D. Ill. Mar. 31, 2017). Moreover, the retail theft convictions at issue in this case are somewhat dated. One of them is based on conduct that occurred four years ago while the other three involve conduct dating back eight or more years. Although Norris's testimony and credibility indisputably will be important in this case, his retail theft convictions are only minimally probative of his credibility concerning the traffic stop at issue here.

In his response brief, Bartunek contends "a simple review of [Norris's] complaint" shows the retail theft convictions are relevant to the claims in this case. Defendant's Response, [ECF No. 117], at 3. Based on allegations in Norris's original complaint, Bartunek contends that, at trial, Norris will portray the stop at issue in this case as part of a long chain of frivolous, retaliatory actions taken against him by law enforcement officers employed by the City of Joliet or Will County. Bartunek says Norris's past convictions undercut this theory because they show Norris was stopped for violating the law, not because of a desire to retaliate. The Court need not decide whether Bartunek is right that Norris's past convictions would be admissible if Norris

5

offered evidence that Bartunek was motivated by a desire to retaliate against Norris. The Amended Complaint does not contain any allegations related to the retaliation theory, Amended Complaint, [ECF No. 12], and Norris states in his reply brief that he "no longer plans to pursue a retaliation theory based on his 2009 settlement," Plaintiff John Norris's Reply in Support of Motions *in Limine* Nos. 1 and 2 ("Plaintiff's Reply"), [ECF No. 119], at 3. Norris's past convictions cannot be admitted on the basis that they are relevant to a theory that Norris will not pursue at trial.

On the other side of the balance, Norris could be unfairly prejudiced by evidence of his convictions. Of course, there is the general prejudice that results from stamping any plaintiff with the "scarlet 'F.'" *Fermazin*, 2017 WL 1227937, at *5. In a civil rights case such as this, the risk of portraying the plaintiff as an unsympathetic member of the criminal class is particularly dangerous. *Gora*, 971 F.2d at 1331. "Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Barber*, 725 F.3d at 714. Most importantly, this is an unlawful seizure and false imprisonment case and evidence of past convictions could invite the jury to infer "that the plaintiff is a serial law breaker and general troublemaker and the police must have had probable cause to arrest him." *Nelson v. City of Chicago*, 810 F.3d 1061, 1069 (7th Cir. 2016). Indeed, Bartunek suggests -- somewhat hyperbolically -- that Norris's four convictions show he has a "pattern and practice of stealing over decades." Defendant's Response, [ECF No. 117], at 3. If the jury followed Bartunek's line of thinking, then it could conclude Norris is a serial law breaker and general troublemaker who

must have been doing something wrong when Bartunek pulled him over. For all these reasons, the retail theft convictions will be excluded.

That leaves the issue of Norris's prior arrests. Bartunek does not address this issue at length in his response brief. Bartunek only says that, "to the extent" Norris "does not intend to testify that he had no prior encounters with law enforcement officers" or "claim damages for emotional trauma or distress," Bartunek will not seek to introduce evidence related to the prior arrests. *Id.* at 1. In his reply brief, Norris refuses to restrict his damages claim and argues evidence related to his prior arrests is inadmissible even if he seeks damages for emotional trauma or distress. Plaintiff's Reply, [ECF No. 119], at 4–5. It is not clear from the parties' recently filed pretrial order [ECF No. 130] whether Norris is seeking emotional distress damages.

There is some support for the proposition that prior arrests may be admissible when a plaintiff claims that an arrest caused him emotional distress. *Brooks v. Solis*, 2017 WL 2908767, at *2 (N.D. Ill. July 7, 2017). But even courts that have recognized prior arrests may be admissible under those circumstances have required that the arrests be substantially similar and conducted a prejudice analysis. *Bryant v. P.O. Cummens*, 2017 WL 402982, at *1 (N.D. Ill. Jan. 30, 2017); *Dyson v. Szarzynski*, 2014 WL 7205591, at *5 (N.D. Ill. Dec. 18, 2014). Where the parties have failed to present sufficient information to assess the similarity of prior arrests and the unfair prejudice that would result from admitting evidence of them, courts have refused to rule *in limine* that such evidence is admissible. *Bryant*, 2017 WL 402982, at *1.

In this case, Bartunek has not identified what prior arrests he thinks may be admissible, much less articulated how they are similar to the traffic stop at issue in this case. Perhaps Bartunek was operating under an incorrect understanding of Norris's damages claim when he

7

filed his response brief, which would explain Bartunek's limited discussion of the prior arrests. Regardless, as of now, the Court is not convinced evidence of any of Norris's prior arrests is admissible. The Court also is not convinced the prior arrests are completely admissible. Therefore, Plaintiff's Motion *in Limine* No. 1 is granted as to his prior convictions and remains under advisement until the pretrial conference as to his prior arrests.

2. **Plaintiff's Motion *in Limine* No. 2**

In his second motion *in limine*, Norris seeks to bar evidence of his prior lawsuits. Plaintiff's Motion *in Limine* No. 2, [ECF No. 114]. Norris has filed 30 civil rights and tort cases against law enforcement officers. Defendant's Response, [ECF No. 117], at 4. Norris argues that evidence of these lawsuits is irrelevant and unfairly prejudicial and that litigating the merits of dozens of past lawsuits in this case would cause undue delay. In response, Bartunek argues Norris "has himself made an issue of" his past litigation "by claiming that [] Bartunek initiated this traffic stop solely in retaliation." *Id.*

Evidence of a plaintiff's past lawsuits typically is not admissible if offered only to show his tendency to sue. *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 496 (7th Cir. 1998). "Evidence inferring or suggesting that [a plaintiff] is litigious poses a substantial danger of jury bias, because it undoubtedly would cause the jury to question the validity of [the plaintiff's] current claims." *Powell v. Rowe*, 2007 WL 3071816, at *1 (E.D. Mo. Oct. 19, 2007). Generally, whatever "slight probative value" a plaintiff's litigiousness may have "is outweighed by the substantial danger of jury bias against the chronic litigant." *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001). It is the "rare exception" that evidence of past lawsuits "is admitted for reasons other than to show the plaintiff's litigious character and it is sufficiently probative to survive Rule 403 balancing." *Nelson*, 810 F.3d at 1071; *see also Seals v. Mitchell*,

8

2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011) ("While evidence of Plaintiff's other lawsuits and grievances has some relevance to whether Plaintiff was biased against law enforcement, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.").

As noted above, the only issue to which Bartunek claims Norris's past lawsuits are relevant is Norris's theory that Bartunek stopped him in retaliation for his past lawsuits. But Norris "no longer intends to pursue a retaliation theory." Plaintiff's Reply, [ECF No. 119], at 6. Because evidence of Norris's past lawsuits is not probative of any issue to be decided in this case and would be unfairly prejudicial, it is inadmissible. Thus, Plaintiff's Motion *in Limine* No. 2 is granted.

### 3. Defendant's Motion *in Limine* No. 1

In his first motion *in limine*, Bartunek seeks to bar evidence and argument that Bartunek may be indemnified by the Will County Sheriff's Office for any compensatory damages award. Defendant's Motions *in Limine*, [ECF No. 112], at 1–3. Bartunek concedes evidence and argument in this vein may be proper if, during the trial, he were to say he has a limited ability to pay any damages award. Defendant's Reply in further Support of Motion *in Limine* No. 1 ("Defendant's Reply"), [ECF No. 118], at 2. Bartunek argues that, unless he opens the door, evidence of indemnification should be barred under Federal Rules of Evidence 401, 403, and 411.[1] In response, Norris contends the Court should permit him to ask a single question concerning indemnification during his examination of Bartunek. Plaintiff John Norris's Response in Opposition to Defendant's Motion *in Limine* No. 1 ("Plaintiff's Response"), [ECF No. 116], at 3. Norris says this evidence should be admitted so the jury's decision will not be

---

[1] Bartunek does not argue evidence of indemnification should be barred under Federal Rule of Evidence 411 even if he introduces evidence of his limited ability to pay any damages award.

tainted by the incorrect assumption that Bartunek will be personally responsible for any compensatory damages award. *Id.* at 2–4

Courts typically exclude evidence of indemnification "out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill." *Owens v. Ellison*, 2017 WL 1151046, at *10 (N.D. Ill. Mar. 28, 2017) (quoting *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998)); *see also Patterson*, 2017 WL 770991, at *5; *Jones v. City of Chicago*, 2017 WL 413613, at *4 (N.D. Ill. Jan. 31, 2017); *Holmes v. City of Chicago*, 2016 WL 6442117, at *12 (N.D. Ill. Nov. 1, 2016); *Martinez v. City of Chicago*, 2016 WL 3538823, at *13 (N.D. Ill. June 29, 2016); *Gonzalez v. Olson*, 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015). If a defendant injects his personal financial condition into the case, though, then evidence of indemnification may be admissible. *Solis*, 2017 WL 2908767, at *3; *Owens*, 2017 WL 1151046, at *10; *Patterson*, 2017 WL 770991, at *5; *Gonzalez*, 2015 WL 3671641, at *7. Neither case relied upon by Norris deviated from these general rules. *See Lawson v. Trowbridge*, 153 F.3d 368, 380 (7th Cir. 1998) ("After carefully reviewing the trial transcript, we are left with the conclusion that the defendants' detailed financial testimony opened the door concerning who likely would pay any judgment against them . . . ."); *Scott v. Wallace*, 846 F. Supp. 2d 952, 954–55 (N.D. Ill. 2012) (recognizing evidence of indemnification may be admissible in certain circumstances but granting a motion to bar such evidence). For now, Bartunek disclaims any intent to "cry poverty" during the trial. Defendant's Motions *in Limine*, [ECF No. 112], at 2. Therefore, Defendant's Motion *in Limine* No. 1 is granted with the understanding that the issue can be revisited during trial if Bartunek opens the door.

### 4. Defendant's Motion *in Limine* No. 2

In his first motion *in limine*, Bartunek seeks to bar evidence that he was not subject to any discipline for the conduct underlying this lawsuit. Defendant's Motions *in Limine*, [ECF No. 112], at 3–4. After this motion was filed, the parties reached agreement on a stipulation to address the issue. Plaintiff's Response, [ECF No. 116], at 1 n.1. Therefore, Defendant's Motion *in Limine* No. 2 is denied without prejudice as moot at this time.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motions *in limine* [ECF Nos. 113, 114] are granted in part and, in one respect, remain under advisement in part until the pretrial conference. Defendant's motions *in limine* [ECF No. 112] are granted in part and denied without prejudice in part.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 12, 2017